## WESTON et al. v. WATTS.

(Supreme Court, General Term, First Department. January 24, 1890.)

PARTNERSHIP—DISSOLUTION—LIQUIDATING PARTNER.

Pending an action between partners for an accounting, defendant moved for an order directing one of plaintiffs to turn over to him money belonging to the firm, defendant being by agreement the liquidating partner. Defendant had placed the money in bank, and it had been drawn out by plaintiff, who used part of it in paying the firm debts. Plaintiff was a creditor, and defendant a debtor, to the firm. *Held*, that the motion was properly denied.

Appeal from special term, New York county.

Motion by James R. Watts to compel his partner, Walter Weston, to turn over to him certain partnership assets, made pending an action against him by his co-partners, Walter Weston and Alfred J. Weston, for an accounting. The motion was denied on defendant's papers, consisting of the pleadings in a suit against defendant for an accounting, the affidavit of the defendant that the action had been tried, and the affidavit of Peter J. Loughlin, the stenographer at the trial, as to part of the testimony of the plaintiff Walter Weston. From these papers it appeared that plaintiffs and defendant formed a partnership January 1, 1884, which expired December 31, 1884, under the name of Weston Bros. & Watts; that in October, 1885, plaintiffs sued defendant for an accounting as to the affairs of said copartnership; that the issue raised by the pleadings in said action involved the question as to whether defendant denied plaintiffs access to the partnership books and papers. Defendant alleged, also, that he was to liquidate the firm debts, but these debts were nearly all paid, except a contingent liability for rent, and the sum, if any, due by the firm to the plaintiffs; that plaintiffs also had paid claims of creditors of the firm. Defendant pleads, also, a separate defense, to the effect that it was agreed between plaintiffs and defendant that defendant "should not be called upon for an adjustment of the affairs of said firm" until March, 1886, and that, for this reason, the accounting suit was premature. It further appears that this accounting suit was brought to trial in July, 1887, and that on the trial the plaintiff Walter Weston testified that the firm money, belonging to the firm of Weston Bros. & Watts, was kept by defendant in a bank in Jersey City, in the firm name, and that plaintiff, one of the partners, drew out $25,000 belonging to the firm, and that defendant afterwards called on plaintiff to return $6,392.81 of that sum to pay debts of the firm, and that the debts to that amount plaintiff paid. The pleadings show also that defendant had overdrawn his account, and was in debt to the firm. Defendant then, on this motion, says of the $25,000 belonging to the firm, and drawn out by plaintiff, no part has been paid to defendant, except $8,467.81, leaving in plaintiffs' hands a balance of $16,532.19; that defendant asked the plaintiff Walter Weston to pay this money over to defendant, but plaintiff refused. On this

state of facts the defendant makes a motion asking the court to compel the plaintiff, one partner, to forthwith pay to defendant, another partner, $16,-532.19 of firm assets, and this notwithstanding the fact that the parties have never accounted; that the firm is indebted to the plaintiff Walter Weston, and that defendant, James R. Watts, is indebted to the firm. The defendant makes his motion upon the assumption that he is entitled to the firm moneys as liquidating partner, and he wants the money to pay the firm debts. But the moving papers show that the firm debts have, all but a small sum, been paid, and that plaintiff paid them. The moving papers do not show what judgment was rendered in said action, or whether said action was ever concluded, or what other testimony was given in said action. The motion was denied, and James R. Watts appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

A. C. Shenstone, for appellant. Martin J. Keogh, for respondents.

BRADY, J. The statement of facts adopted as a correct exposition of the elements of the motion is a complete answer to the application to which it relates. The defendant, although designated to liquidate the affairs of the firm, does not appear to have done so, and was called upon to account in this action, and whether prematurely or not is of no consequence, so far as the application for the $25,000 or the balance of it on hand is concerned. This court has jurisdiction over the whole subject, and whether the respondent Weston was debtor to the firm, or to firm creditors, would necessarily appear by the judgment to be rendered herein. So far as the motion papers disclose anything upon that subject, it is quite clear that the respondent is not a debtor to the firm, but a creditor, and that the appellant is debtor to the firm. The appellant supposes that, having been selected to liquidate the affairs of the firm, he is entitled to the money received and deposited by him, whether the firm owes the amount of it or not, and whether the plaintiff Weston is entitled to it or not, and whether he (the defendant) is a debtor to the firm or not. Section 717 of the Code does not embrace or provide for an application such as made herein, under the facts revealed, nor do any of the authorities referred to by the appellant. The moneys in dispute are those of the firm, not of the defendant; and, assuming that the plaintiff Weston did not get them properly, strictly construing the agreement as to liquidation, nevertheless it might appear on the accounting absolutely as it does now prima facie that they did in fact belong to the plaintiffs. It should be said, further, that although the moneys were taken from the custody of the defendant, and, from aught that appears, by the consent of the other partner, the respondent Weston seems to have paid, when called upon by the appellant, whatever sums were necessary to accomplish the liquidation. Indeed, the infirmity of the motion is so apparent that an apology would seem to be demanded for this elaboration of it. Order appealed from affirmed, with $10 costs and disbursements of the appeal. All concur.